```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
JANE DOE,                           :
                                    :      09 CV 9895 (BSJ)
                Plaintiff,          :
                                    :      **OPINION AND ORDER**
        v.                          :
                                    :
THE CITY OF NEW YORK, KENNETH       :
MORENO, FRANKLIN MATA,              :
                                    :
                Defendants.         :
------------------------------------X
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

The City of New York requests a stay of the present proceedings based on the pending criminal prosecutions of Defendants Kenneth Moreno and Franklin Mata by the New York County District Attorney's Office on charges stemming from the incident which is the subject of this action. Plaintiff does not oppose a stay of this litigation until the conclusion of the criminal trial, not including any appeal, provided that the parties are permitted to apply to lift the stay upon ten days' prior notice to opposing counsel.

The Court finds that there is good cause for granting the stay. District courts routinely exercise their inherent power and discretionary authority to stay a case when confronted with the concurrent pendency of civil and criminal proceedings involving the same or related subject matter. See, e.g., Estes-El v. Long Island Jewish Medical Center, 916 F. Supp. 268, 269 (S.D.N.Y. 1995) ("It is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings.").

Here, the criminal prosecutions stem from the very same incident which gave rise to this action. See Volmar Distributors, Inc. v. New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) ("The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter."). Because Defendants Moreno and Mata may invoke their Fifth Amendment right against self-incrimination until the criminal prosecutions conclude, denying the stay may impair their Fifth Amendment privilege. See id. Furthermore, "[r]efusing to grant a stay might also expand the rights of criminal discovery beyond the limits of Rule 16(b) of the Federal Rules of Criminal Procedure, expose the basis of the defense to the prosecution in advance of trial, or otherwise prejudice the case." Id.

For these reasons, the Court GRANTS the City of New York's request for a stay of the present proceedings until the conclusion of the criminal trial, not including any appeal. The Parties may apply to lift the stay upon ten days' prior notice to opposing counsel.

**SO ORDERED:**

BARBARA S. JONES
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         January 18, 2010