```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
                                          :
JANE DOE,                                 :
                                          :
                Plaintiff,                :
                                          :          09 Civ. 9895
           v.                             :              (BSJ)
                                          :
                                          :          Opinion and Order
THE CITY OF NEW YORK; P.O KENNETH MORENO  :
individually and in his official          :
capacity, and P.O. FRANKLIN MATA,         :
individually and in his official          :
capacity                                  :
                Defendants.               :
------------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

This case involves allegations of rape and sexual assault against the individual defendants, former Police Officer Kenneth Moreno ("Moreno") and former Police Officer Franklin Mata ("Mata"). Plaintiff has also brought suit against the City of New York, under a theory of municipal liability. The City defendant moves to dismiss. For the reasons that follow, the City's motion is GRANTED.

## BACKGROUND

The Amended Complaint alleges that, on or about the evening of December 7, 2008, the New York Police Department ("NYPD") received a 911 call from a taxicab driver requesting assistance with Plaintiff, who was intoxicated. (Am. Complaint, ¶¶ 23-25.)

1

Defendants Moreno and Mata responded to the call and helped Plaintiff into her apartment. (Am. Complaint, ¶ 26.)

Plaintiff claims that, before leaving the apartment, Moreno and Mata stole one of her keys. (Am. Complaint, ¶ 27.) Using the key, Moreno and Mata allegedly returned to Plaintiff's apartment building several times that night and, on at least one occasion, entered her apartment and raped and sexually assaulted her while she passed in and out of consciousness. (Am. Complaint, ¶¶ 32-34.) Specifically, Plaintiff alleges that Moreno raped and sexually assaulted her and Mata aided and abetted that rape and assault. (Am. Complaint, ¶¶ 33-35.)

Plaintiff filed suit under 42 U.S.C. § 1983, asserting that Defendants Mata and Moreno violated her rights under the Fourth and Fourteenth Amendments of the United States Constitution.[1] Plaintiff also asserted § 1983 liability against the City defendant, as well as a state law claim for negligent hiring and/or retention. The City defendant moves to dismiss.

## LEGAL STANDARD

At the motion to dismiss stage, the Court will liberally construe the complaint. Att'y Gen. of Can. v. R.J. Reynolds Tobacco Holdings, Inc., 268 F.3d 103, 106 (2d Cir. 2001). However, to survive a motion to dismiss, the Complaint must

---

[1] She also asserted state law claims for assault and battery against Moreno and assault (only) against Mata; as to both individual defendants, she asserted claims for false imprisonment, trespass, intentional infliction of emotional distress, and negligent infliction of emotional distress.

provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"[T]he operative standard requires the plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level."  Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (citation and internal quotation marks omitted).  That standard requires a plaintiff to assert "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

## DICUSSION

Plaintiff seeks to hold the City liable under a theory of municipal liability for the alleged negligent hiring, training, and retention of defendants Moreno and Mata.  (Am. Complaint, ¶¶ 99-122.)  Plaintiff has failed to state a claim pursuant to such theory.

A municipality may be held liable under § 1983 only if it has caused the constitutional violation.  Monell v. Dept't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Vippolis v. Vill. of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985).  Accordingly, to

survive a motion to dismiss, a plaintiff must plausibly allege a policy or practice, or a failure to train or supervise that caused the constitutional harm alleged. City of Canton v. Harris, 489 U.S. 378, 388 (1989); City of St. Louis v. Praprotnik, 485 U.S. 112, 127-30 (1985) (plurality); Monell, 436 U.S. at 690.

Here, Plaintiff has not alleged with any modicum of particularity a policy or practice that caused her injuries. She asserts only that "the City failed to implement proper rules, procedures and disciplinary rules concerning the proper conduct of the Police Officers, and failed to exercise reasonable control over its police officers on duty." (Am. Complaint, ¶ 101.)

Nor has she adequately alleged that a failure to train or supervise caused her injury. The Amended Complaint contains no facts elaborating on (or even theorizing as to) the defective nature of the NYPD training program, let alone an allegation as to how a defect in training or supervision caused her harm. See Monell, 436 U.S. at 691, 694 (requiring that the municipality's conduct be the "moving force" behind the purported constitutional violation). As such, Plaintiff has failed to state a claim against the City of New York under § 1983.[2]

---

[2] At most, the Complaint alleges that the City was on "notice" of the "Officers' propensity toward improper conduct and to misuse and abuse their power and authority as police officers" and failed to investigate "prior

4

In addition to her federal claim under § 1983, Plaintiff asserts common law claims for negligent hiring and/or retention, and claims generally that the City was "responsible for the acts of the Police Officers while in the performance of their duties as police officers for the City."[3] (Am. Complaint, ¶ 113.) Because the Court has dismissed the Plaintiff's federal claim against the City, it abstains from exercising supplemental jurisdiction over these remaining state law claims against the City defendant. See Walker v. Time Life Films, Inc., 784 F.2d 44, 51 (2d Cir. 1986).

## LEAVE TO REPLEAD

In her opposition memorandum, Plaintiff requests leave to replead in the event that the Court finds that she has failed to state a claim against the City defendant. Given that Plaintiff may have additional facts to add in light of the individual defendants' criminal trial concerning the same incident, the Court finds that it is in the interests of justice to allow Plaintiff to replead her claims against the City defendant. Fed. R. Civ. P. 15(a); see Asset Mgmt. Assocs. v. Emerson

---

incidents involving the Police Officers," or failed to take remedial action upon any such investigations. (Am. Complaint, ¶¶ 107, 108, 119.) However, Plaintiff provides no factual context to her reference to "prior incidents" of which she claims the City should have known, investigated, and remedied.

[3] To the extent Plaintiff alleges a § 1983 violation in connection with that claim, it fails, as § 1983 does not provide for liability under a theory of respondeat superior. See Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006).

5

Telecommc'n Prods LLC, No. 09-4701, 2010 WL 3894972, at *1 (2d Cir. Oct. 6, 2010).

## CONCLUSION

For the reasons stated above, the City defendant's motion to dismiss is granted. The Plaintiff shall have until August 2, 2012 to file a second amended Complaint.

**SO ORDERED:**

*[signature]*

**BARBARA S. JONES
UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         July 2, 2012