**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

**JANE DOE,**

**Plaintiff,**

**- against -**

**THE CITY OF NEW YORK, P.O. KENNETH MORENO, individually and in his official capacity, and P.O. FRANKLIN MATA, individually and in his official capacity,**

**Defendants.**

---------------------------------------------------------------x

**Case No.: 09 CV 9895 (BSJ) (HP)**

**AMENDED COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff JANE DOE, by and through her attorneys, BAUMAN KATZ & GRILL LLP, as and for her Complaint against THE CITY OF NEW YORK, P.O. KENNETH MORENO and P.O. FRANKLIN MATA (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF ACTION

1. This action is commenced by Plaintiff Jane Doe ("Plaintiff") to remedy violations of her constitutional rights secured by 42 U.S.C. § 1983.

2. Plaintiff also asserts pendent New York State law claims in which she seeks damages against the individual Defendants P.O. Kenneth Moreno ("Moreno") and P.O. Franklin Mata ("Mata") (Moreno and Mata are hereinafter collectively referred to as, the "Police Officers") based on their rape, sexual assault and battery, and/or assistance and acquiescence in the rape, sexual assault and battery, of Plaintiff, false imprisonment, intentional and negligent infliction of emotional distress, assault and trespass.

3. In addition, Plaintiff asserts related common law negligence and breach of duty claims against Defendant The City of New York ("City"), as the municipality responsible

for the conduct of the Defendant Police Officers, arising out of its negligent, wrongful and wanton hiring, training, supervision, evaluation, monitoring, and retention of the individual Police Officers who, upon information and belief, are unfit for employment as police officers.

4. This action involves outrageous and shocking conduct by the individual Police Officers, who, while acting under color of state law, raped and sexually assaulted, and/or aided and abetted in the rape and sexual assault, of Plaintiff, in violation of Plaintiff's right to be free from such conduct by a state actor.

5. Plaintiff seeks damages to compensate her for the mental and emotional pain, suffering, humiliation, and economic and pecuniary injury she has suffered as a result of Defendants' actions and/or inactions, and punitive damages based on the Police Officers' intentional, reckless and callous indifference to Plaintiff's federally protected rights.

**JURISDICTION AND VENUE**

6. With respect to the federal claims asserted herein, the Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1983 for the violation of Plaintiff's federal statutory rights.

7. This court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

8. With respect to the state law claims asserted herein, which arise out of the same facts and circumstances as Plaintiff's federal claims, the Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

10. Plaintiff also seeks an award of attorneys' fees pursuant to 42 U.S.C. §1988.

## NOTICE OF CLAIM

11. On or about March 4, 2009, Plaintiff caused to be filed a Notice of Claim with the Comptroller of the City of New York (Comptroller File No. 2009-009165) against the Defendants.

12. The Notice of Claim was duly served upon Defendant City within ninety (90) days after Plaintiff's State law claims accrued.

13. This action has been commenced within one year and ninety days after Plaintiff's State law claims accrued.

14. Plaintiff has duly complied with all of the conditions precedent to the commencement of this action with respect to the claims asserted against Defendant City.

## PARTIES

15. Plaintiff resides at c/o Bauman Katz & Grill LLP, 28 West 44th Street, Suite 900, New York, New York 10036.

16. Upon information and belief, the City was and still is a municipal corporation organized under the laws of the State of New York, and located in New York County.

17. Upon information and belief, Defendant P.O. Kenneth Moreno was and still is an individual residing in the State of New York. At all relevant times herein, Moreno was employed as a police officer acting as an agent, servant and employee of the City.

18. Upon information and belief, Defendant P.O. Franklin Mata was and still is an individual residing in the State of New York. At all relevant times herein, Mata was employed as a police officer acting as an agent, servant and employee of the City.

19. Upon information and belief, at all relevant times herein, Defendants Police Officers were acting under color of law and color of their authority as police officers of Defendant City.

20. Upon information and belief, at all relevant times herein, the City maintained and was responsible for overseeing, supervising and regulating all conduct engaged in and undertaken by the New York Police Department ("NYPD").

21. Upon information and belief, at all relevant times herein, the City maintained and was responsible for overseeing, supervising and regulating all conduct engaged in by the NYPD police personnel while such personnel were engaged in police business, including those of the Police Officers, and for the ongoing training of the police officers of the City to ensure that those officers are competent to carry out their assigned duties.

**FACTS**

22. The place where the claim arose was at Plaintiff's former residence, Apartment 18 (the "Apartment") of the building located at 506 East 13th Street, New York, New York (the "Building").

23. On or about December 7, 2008, between approximately 12:00 a.m. and 3:00 am, Plaintiff arrived at the Building in a taxicab.

24. Plaintiff was intoxicated and, upon information and belief, the taxicab driver called 911 so that Plaintiff could be assisted into her Apartment.

25. Upon information and belief, the 911 dispatcher dispatched the Police Officers, who were on duty as police officers for the NYPD, an agency of the Defendant City, to the Building.

26. The Police Officers arrived at the Building, in an NYPD patrol car and in uniform, whereupon they assisted Plaintiff into the Building and the Apartment. Subsequently, the Police Officers left the Apartment and the Building.

27. Unbeknownst to Plaintiff, before leaving the Apartment and Building, Moreno and/or Mata stole Plaintiff's keys to the Building and to her Apartment.

28. The Police Officers later returned to the Building three (3) additional times on foot and in uniform.

29. Upon information and belief, on the first such occasion, the Police Officers were led into the Building by another resident of the Building under false pretenses.

30. Upon information and belief, the Police Officers falsely told the resident they were investigating a noise disturbance behind the Building.

31. Upon information and belief, on the second such occasion, Moreno impermissibly used Plaintiff's key to enter and trespass into the Building, with Mata's acquiescence.

32. Moreno, while acting under color of law as a police officer, unlawfully gained access and trespassed into Plaintiff's Apartment on said three additional occasions, by impermissibly using Plaintiff's key, for the purpose of raping and sexually assaulting Plaintiff.

33. Mata, while acting under color of law as a police officer, unlawfully gained access and trespassed into Plaintiff's Apartment on said three additional occasions, by impermissibly using Plaintiff's key, for the purpose of aiding and abetting Moreno in raping and sexually assaulting Plaintiff.

34. While trespassing into Plaintiff's Apartment, Moreno did rape and sexually assault Plaintiff, while Plaintiff passed in and out of consciousness.

35. Mata consented to, acquiesced in, and aided and abetted Moreno's rape and sexual assault of Plaintiff.

**AS AND FOR A FIRST CAUSE OF ACTION**
**AGAINST DEFENDANT MORENO**
**(Assault and Battery)**

36. Plaintiff repeats, realleges and reasserts the allegations contained in paragraphs "1" through "35" as though fully set forth at length herein.

37. On December 7, 2008, Moreno, an employee of the City, intentionally and maliciously raped, sexually assaulted, battered and otherwise injured Plaintiff, in the course of his duties and employment with the City.

38. During the course of the assault and battery, Moreno did forcibly rape and cause Plaintiff to engage in sexual activity without Plaintiff's consent, while Plaintiff was lawfully in the Apartment leased by Plaintiff, with Defendant Mata's acquiescence.

39. Moreno's actions constitute an assault upon Plaintiff in that Moreno intentionally attempted to commit a battery upon her, and further, Moreno's actions represented a grievous affront to Plaintiff.

40. Moreno's actions constitute a battery upon Plaintiff in that the bodily contact described was intentional and grossly offensive in nature.

41. Moreno's actions were intentional, reckless and callous, and without any just cause or provocation.

42. Moreno knew, or should have known, that his actions were without Plaintiff's consent and/or that Plaintiff was incapable of consenting by reason of being intoxicated.

43. As a result of Moreno's actions, Plaintiff has suffered, and will continue to suffer, great physical, psychological and mental pain, anguish, anxiety and emotional injuries resulting from Moreno's assault and battery, has suffered and will continue to suffer a loss of enjoyment of life, and has expended and will continue to expend substantial sums of money for the care and treatment of her psychological and emotional injuries, which are believed to be permanent in nature.

44. The injuries sustained by Plaintiff were caused by reason of Moreno's conduct herein described, and Plaintiff did not contribute thereto.

45. Based on the foregoing, Plaintiff has been damaged in the sum of $5,000,000.00.

46. Despite knowledge that Moreno's actions would constitute assault and battery, and violate Plaintiff's constitutional rights, Moreno raped, sexually assaulted and battered Plaintiff with a conscious disregard thereof.

47. In light of Moreno's intentional and malicious actions, and willful disregard of Plaintiff's rights, Plaintiff is entitled to punitive and exemplary damages in the sum of $2,000,000.00.

**AS AND FOR A SECOND CAUSE OF ACTION**
**AGAINST DEFENDANT MATA**
**(Assault)**

48. Plaintiff repeats, realleges and reasserts the allegations contained in paragraphs "1" through "47" as though fully set forth at length herein.

49. On or about December 7, 2008, Mata participated in a concerted effort with Defendant Moreno to rape and sexually assault Plaintiff.

50. During the course of the assault and battery, Plaintiff was raped and

sexually assaulted by Moreno, with Mata's knowledge, assistance and acquiescence.

51. Mata's actions constitute an assault upon Plaintiff in that Mata intentionally aided and abetted Moreno's attempt to commit a battery upon Plaintiff, and further, Mata's actions represented a grievous affront to Plaintiff.

52. Mata's actions were intentional, reckless and callous, and without any just cause or provocation.

53. Mata knew, or should have known, that his actions were without Plaintiff's consent and/or that Plaintiff was incapable of consenting by reason of being intoxicated.

54. As a result of Mata's actions, Plaintiff has suffered, and will continue to suffer, great psychological and mental pain, anguish, anxiety and emotional injuries resulting from Mata's assault, has suffered and will continue to suffer a loss of enjoyment of life, and has expended and will continue to expend substantial sums of money for the care and treatment of her psychological and emotional injuries, which are believed to be permanent in nature.

55. The injuries sustained by Plaintiff were caused by reason of Mata's conduct herein described, and Plaintiff did not contribute thereto.

56. Based on the foregoing, Plaintiff has been damaged in the sum of $5,000,000.00.

57. Despite knowledge that Mata's actions would constitute assault and battery, and violate Plaintiff's constitutional rights, Mata aided Moreno in the rape, sexual assault and battery of Plaintiff with a conscious disregard thereof.

58. In light of Mata's intentional and malicious actions, and willful disregard of Plaintiff's rights, Plaintiff is entitled to punitive and exemplary damages in the sum of

$2,000,000.00.

**AS AND FOR A THIRD CAUSE OF ACTION**
**AGAINST DEFENDANTS MORENO AND MATA**
**(False Imprisonment)**

59. Plaintiff repeats, realleges and reasserts the allegations contained in paragraphs "1" through "58" as though fully set forth at length herein.

60. On December 7, 2008, Plaintiff was falsely imprisoned and restrained against her will by the Police Officers, employees of the City.

61. In trespassing into Plaintiff's Apartment and bedroom, in forcibly touching Plaintiff, and in physically preventing her from leaving the Apartment, the Police Officers confined Plaintiff to the Apartment, and intended to do same.

62. Plaintiff was incapable of consenting to the Police Officers' confinement of her to the Apartment.

63. The aforementioned confinement was not privileged in any way.

64. The Police Officers knew, or should have known, that the conduct engaged in would result in the false imprisonment of Plaintiff.

65. As a result of the false imprisonment, the Police Officers were afforded the opportunity to commit, and/or aid and abet in, the rape, sexual assault and battery set forth above, which resulted in substantial and severe psychological and emotional suffering and loss of enjoyment of life by Plaintiff.

66. Based on the foregoing, Plaintiff has been damaged in the sum of $5,000,000.00.

67. Despite knowledge that the Police Officers' actions would constitute a false imprisonment and violate Plaintiff's constitutional rights, the Police Officers acted with a

conscious disregard thereof.

68. In light of the Police Officers' intentional and malicious actions, and willful disregard of Plaintiff's rights, Plaintiff is entitled to punitive and exemplary damages in the sum of $2,000,000.00.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**AGAINST DEFENDANTS MORENO AND MATA**
**(Trespass)**

69. Plaintiff repeats, realleges and reasserts the allegations contained in paragraphs "1" through "68" as though fully set forth at length herein.

70. On or about December 7, 2008, the Police Officers, on duty and in uniform, willfully trespassed into the Building and Plaintiff's Apartment on at least three separate occasions, under color of law.

71. The Police Officers' entry into the Building and the Apartment was not privileged in any way, and Plaintiff did not consent to same.

72. The Police Officers knew or should have known that their unauthorized entry into the Building and Apartment would constitute a trespass.

73. As a result of the Police Officers' trespass, the Police Officers were afforded the opportunity to commit, and/or aid and abet in, the rape, sexual assault and battery set forth above, which resulted in substantial and severe psychological and emotional suffering and loss of enjoyment of life by Plaintiff.

74. Based on the foregoing, Plaintiff has been damaged in the sum of $5,000,000.00.

75. Despite knowledge that the Police Officers' actions would constitute a trespass to the Building and Plaintiff's Apartment and violate Plaintiff's constitutional rights, the

Police Officers acted with a conscious disregard thereof.

76. In light of the Police Officers' intentional and malicious actions, and willful disregard of Plaintiff's rights, Plaintiff is entitled to punitive and exemplary damages in the sum of $2,000,000.00.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**AGAINST DEFENDANTS MORENO AND MATA**
**(Intentional Infliction of Emotional Distress)**

77. Plaintiff repeats, realleges and reasserts the allegations contained in paragraphs "1" through "76" as though fully set forth at length herein.

78. The Police Officers' actions represent extreme and outrageous conduct which intentionally or recklessly caused severe emotional distress to Plaintiff.

79. Further, the conduct described was so outrageous and atrocious as to be utterly intolerable in a civilized community.

80. As a result of the Police Officers' intentional infliction of emotional distress upon Plaintiff, Plaintiff has sustained severe psychological and emotional distress, pain, suffering and loss of enjoyment of life.

81. Based on the foregoing, Plaintiff has been damaged in the sum of $5,000,000.00.

82. Despite knowledge their actions would result in the infliction of severe emotional distress and violate Plaintiff's constitutional rights, the Police Officers acted with a conscious disregard thereof.

83. In light of the Police Officers' intentional and malicious actions, and willful disregard of Plaintiff's rights, Plaintiff is entitled to punitive and exemplary damages in the sum of $2,000,000.00.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**AGAINST DEFENDANTS MORENO AND MATA**
**(Negligent Infliction of Emotional Distress)**

84. Plaintiff repeats, realleges and reasserts the allegations contained in paragraphs "1" through "83" as though fully set forth at length herein.

85. The Police Officers' conduct resulted in the negligent infliction of emotional distress upon Plaintiff.

86. In raping and sexually assaulting, and/or aiding and abetting in the rape and sexual assault of, Plaintiff, falsely imprisoning Plaintiff, and trespassing into Plaintiff's Apartment, the Police Officers' conduct resulted in a traumatic event which has caused Plaintiff to fear for her own safety.

87. As police officers charged with the duty of responding to the 911 dispatch call set forth above, the Police Officers owed a duty to Plaintiff, as the person whom the Police Officers were called to assist in accordance with their role as police officers, and to keep citizens such as Plaintiff free from rape, sexual assault and battery, false imprisonment and otherwise grossly offensive touching and actions.

88. The Police Officers breached the aforementioned duty by raping and sexually assaulting Plaintiff, thereby causing Plaintiff to reasonably believe that her physical safety is in danger and has caused Plaintiff to suffer great psychological and emotional injuries, and to fear for her own safety, in light of the Police Officers' power as NYPD police officers.

89. Based on the foregoing, Plaintiff has been damaged in the sum of $5,000,000.00.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**AGAINST DEFENDANTS MORENO AND MATA**
**(42 U.S.C. § 1983)**

90. Plaintiff repeats, realleges and reasserts the allegations contained in paragraphs "1" through "89" as though fully set forth at length herein.

91. In engaging in the conduct described, including, inter alia, raping and sexually assaulting, and/or aiding and abetting in the rape and sexual assault of, Plaintiff, and falsely imprisoning Plaintiff, the Police Officers deprived Plaintiff of her civil rights pursuant to 42 U.S.C. § 1983.

92. As police officers employed by Defendant City, who responded to a 911 dispatch call to Plaintiff's Building while on duty and in uniform, the Police Officers were acting under the color of State Law.

93. The Police Officers acted willfully, wantonly, knowingly and purposefully with the intent to deprive Plaintiff of her constitutional right to be free from assault and battery, State intrusions into personal privacy, and other state action that shocks the conscience.

94. The aforementioned misuse and abuse of authority and power by the Police Officers was egregious and shocking to the conscience, and was in violation of the rights secured to Plaintiff by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C. § 1983.

95. As a direct result of the Police Officers' actions, Plaintiff has suffered, and will continue to suffer, great physical, psychological and mental pain, anguish, anxiety and emotional injuries, has suffered and will continue to suffer a loss of enjoyment of life, and has expended and will continue to expend, substantial sums of money for the care and treatment of her psychological and emotional injuries, which are believed to be permanent in nature.

96. Based on the foregoing, Plaintiff has been injured and is entitled to damages in the principal sum of $5,000,000.00, together with appropriate interest thereon.

97. In light of the Police Officers' intentional and malicious actions, and willful disregard of Plaintiff's constitutional rights, and as a result of the Police Officers' egregious and outrageous behavior, Plaintiff is entitled to an award of punitive and exemplary damages in the amount of $2,000,000.00.

98. In addition, Plaintiff hereby demands costs and attorneys' fees pursuant to 42 U.S.C. § 1988, in an amount to be determined at trial.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**AGAINST THE CITY OF NEW YORK**
**(Negligent Hiring and/or Retention of Employee)**

99. Plaintiff repeats, realleges and reasserts the allegations contained in paragraphs "1" through "98" as though fully set forth at length herein.

100. Defendant City failed to use reasonable care in the hiring, employment, training, supervision, and instruction of its employees, the Police Officers, in that the City failed to determine whether the Police Officers were capable of performing their duties without danger of harm to others.

101. Furthermore, the City failed to implement proper rules, procedures and disciplinary rules concerning the proper conduct of the Police Officers, and failed to exercise reasonable control over its police officers on duty, including the Police Officers.

102. Defendant Police Officers' acts and/or omissions alleged above, and the resultant injuries suffered by Plaintiff, were directly and proximately caused by the City's failure to properly hire, supervise, train, discipline and control police officers under its command, including the Defendant Police Officers.

103. The City knew or should have known that the Police Officers would encounter a situation whereby they would be dispatched to a location requiring them to assist an intoxicated woman.

104. The City knew or should have known that the Police Officers had the propensity to mishandle such a situation, and the City failed to properly train or supervise the Police Officers accordingly.

105. The City knew or should have known that the mishandling of such situations would result in the deprivation of a person's constitutional rights.

106. Indeed, the Police Officers grossly mishandled the situation by raping and sexually assaulting, or assisting and acquiescing in the rape and sexual assault of, Plaintiff.

107. Upon information and belief, the City, through its officers, employees or agents, was on actual and/or constructive notice of the Police Officers' propensity toward improper conduct and to misuse and abuse their power and authority as police officers of the City.

108. Upon information and belief, the City intentionally, knowingly and/or with reckless indifference disregarded and/or failed to investigate the prior incidents involving the Police Officers, or, in the alternative, investigated such incidents but failed to take such action as was necessary, and therefore, the City acted recklessly and with gross indifference and callous disregard in failing to remedy the Police Officer situation.

109. The City failed to use reasonable care to correct or remove the Police Officers until Plaintiff had been injured by the unlawful conduct of the Police Officers.

110. As a proximate result of the City's acts and/or omissions as aforesaid, Plaintiff was raped and sexually assaulted, and has suffered, and will continue to suffer, great

psychological and mental pain, anguish, anxiety and emotional injuries, has suffered and will continue to suffer a loss of enjoyment of life, and has expended and will continue to expend, substantial sums of money for the care and treatment of her psychological and emotional injuries, which are believed to be permanent in nature.

111. Based on the foregoing, Plaintiff has been damaged in the sum of $5,000,000.00.

**AS AND FOR A NINTH CAUSE OF ACTION**
**<u>AGAINST THE CITY OF NEW YORK</u>**
**(42 U.S.C. § 1983)**

112. Plaintiff repeats, realleges and reasserts the allegations contained in paragraphs "1" through "111" as though fully set forth at length herein.

113. The City is responsible for the acts of the Police Officers while in the performance of their duties as police officers for the City.

114. The City and/or its agencies are also responsible for the ongoing training of the police officers of the City to ensure that those officers are competent to carry out their assigned duties.

115. Upon information and belief, the City knew or should have known that the aforesaid failure to properly train or supervise, and/or the aforesaid failure to adopt proper policies, procedures or standards, and/or the failure to properly investigate, and/or the City's reckless disregard or gross indifference to its duty to properly train, supervise, investigate and adopt proper policies, procedures or standards, would result in the deprivation of the rights secured to Plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution and by virtue of 42 U.S.C. § 1983.

116. The City knowingly, recklessly and with deliberate indifference permitted and/or allowed the continuation of such a policy, practice or custom.

117. Upon information and belief, as a direct and proximate result of such policies, practice or customs, the City intentionally, deliberately or with reckless indifference deprived Plaintiff of her constitutional and civil rights.

118. The aforesaid reckless indifference, callous disregard and/or gross neglect by the City represent egregious conduct that is shocking to the conscience.

119. Upon information and belief, as a result of the City's failure to take remedial action concerning prior abuses of police authority by the Police Officers, and/or the City's failure to properly investigate prior similar incidents, and/or the reckless disregard or gross indifference by the City, the City had a policy, practice or custom which encouraged or permitted its police officers to engage in such conduct.

120. As a direct and proximate result of the City's reckless indifference, callous disregard, negligence and/or gross neglect, Plaintiff has suffered, and will continue to suffer, great physical, psychological and mental pain, anguish, anxiety and emotional injuries, has suffered and will continue to suffer a loss of enjoyment of life, and has expended and will continue to expend, substantial sums of money for the care and treatment of her psychological and emotional injuries, which are believed to be permanent in nature.

121. Based on the foregoing, Plaintiff has been injured and is entitled to damages in the principal sum of $5,000,000.00, together with appropriate interest thereon.

122. In addition, Plaintiff hereby demands costs and attorneys' fees pursuant to 42 U.S.C. § 1988, in an amount to be determined at trial.

**WHEREFORE,** Plaintiff JANE DOE hereby demands judgment against Defendants as follows:

(i) On the First Cause of Action against Defendant P.O. Kenneth Moreno, compensatory damages in the sum of $5,000,000.00, punitive damages in the sum of $2,000,000.00, together with appropriate interest thereon;

(ii) On the Second Cause of Action against Defendant P.O. Franklin Mata, compensatory damages in the sum of $5,000,000.00, punitive damages in the sum of $2,000,000.00, together with appropriate interest thereon;

(iii) On the Third Cause of Action against Defendants P.O. Kenneth Moreno and P.O. Franklin Mata, compensatory damages in the sum of $5,000,000.00, punitive damages in the sum of $2,000,000.00, together with appropriate interest thereon;

(iv) On the Fourth Cause of Action against Defendants P.O. Kenneth Moreno and P.O. Franklin Mata, compensatory damages in the sum of $5,000,000.00, punitive damages in the sum of $2,000,000.00, together with appropriate interest thereon;

(v) On the Fifth Cause of Action against Defendants P.O. Kenneth Moreno and P.O. Franklin Mata, compensatory damages in the sum of $5,000,000.00, punitive damages in the sum of $2,000,000.00, together with appropriate interest thereon;

(vi) On the Sixth Cause of Action against Defendants P.O. Kenneth Moreno and P.O. Franklin Mata, compensatory damages in the sum of $5,000,000.00, together with appropriate interest thereon;

(vii) On the Seventh Cause of Action against Defendants P.O. Kenneth Moreno and P.O. Franklin Mata, compensatory damages in the sum of $5,000,000.00, punitive damages in the sum of $2,000,000.00, together with appropriate interest thereon, and attorneys' fees

pursuant to 42 U.S.C. § 1988, in an amount to be determined at trial;

(viii) On the Eighth Cause of Action against Defendant The City of New York, compensatory damages in the sum of $5,000,000.00, together with appropriate interest thereon;

(ix) On the Ninth Cause of Action against Defendant The City of New York, compensatory damages in the sum of $5,000,000.00, together with appropriate interest thereon, and attorneys' fees pursuant to 42 U.S.C. § 1988, in an amount to be determined at trial;

(x) For an award of Plaintiff's costs and disbursements of this action together with reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

(xi) For such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 11, 2011

BAUMAN KATZ & GRILL LLP
Attorneys for Plaintiff

By: ______________________
Daniel E. Katz (7222)
28 West 44th Street, Suite 900
New York, New York 10036
(212) 684-0300