UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- X
                                         :
JANE DOE,                                :
                                         :
            Plaintiff,                   :        **OPINION & ORDER**
                                         :
      - against -                        :        09 Civ. 9895 (SAS)
                                         :
THE CITY OF NEW YORK, P.O.               :
KENNETH MORENO, individually and         :
in his official capacity, and P.O.       :
FRANKLIN MATA, individually and in       :
his official capacity,                   :
                                         :
            Defendants.                  :
                                         :
-------------------------------------------------- X

SHIRA A. SCHEINDLIN, U.S.D.J.:

        This case involves allegations of rape and sexual assault made by Jane

Doe against the individual defendants, former Police Officers Kenneth Moreno and

Franklin Mata.  Plaintiff has also brought suit against the City of New York (the

"City"), under theories of municipal liability, *respondeat superior*, and negligent

hiring/supervision.  The City now moves to dismiss all of plaintiff's claims against

the City.[1]  For the following reasons, the City's motion is granted.

---

[1]     The City's motion is to dismiss Claims Eight, Nine, and Ten. Claims One
through Seven are against the individual defendants only.

I.      BACKGROUND

    A.      The Constitutional Violation

        The Second Amended Complaint alleges that on the evening of

December 7, 2008, the New York City Police Department ("NYPD") received a

911 call from a taxicab driver requesting assistance with plaintiff, who was

intoxicated.[2]  Officers Moreno and Mata responded to the call and helped plaintiff

into her apartment.[3]

        Plaintiff claims that, before leaving the apartment, Moreno and Mata

stole one of her keys.[4]  Using the key, Moreno and Mata allegedly returned to

plaintiff's apartment building several times that night and, on at least one occasion,

entered her apartment and raped her while she passed in and out of consciousness.[5]

Specifically, plaintiff alleges that Moreno raped and sexually assaulted her and

Mata aided and abetted that rape and assault.[6]

        Plaintiff filed suit under 42 U.S.C. § 1983 ("section 1983"), asserting

that Officers Mata and Moreno violated her rights under the Fourth and Fourteenth

---

[2]      *See* Second Amended Complaint ("SAC") ¶¶ 25-26.

[3]      *See id.* ¶¶ 27–28.

[4]      *See id.* ¶ 29.

[5]      *See id.* ¶¶ 30–37.

[6]      *See id.* ¶¶ 34–35.

Amendments of the United States Constitution.[7]  Plaintiff also brings state law claims for assault, battery, false imprisonment, trespass, intentional infliction of emotional distress, and negligent infliction of emotional distress against the individual defendants.[8]

### B.    The City's Training and Supervision of Individual Defendants

#### 1.    Training

Plaintiff alleges that Moreno and Mata never received training on how to deal with an intoxicated person[9] and the NYPD training manual does not contain guidance for police officers regarding the proper procedure for dealing with an intoxicated person.[10]  Plaintiff alleges that the City did not update or require police officers to update themselves about changes to the NYPD's rules and regulations.[11] Plaintiff further alleges that the NYPD did not enforce regulations requiring police officers to apprise the NYPD of their whereabouts during meal breaks.[12]

---

[7]      *See id.* ¶¶ 92–100.

[8]      *See id.* ¶¶ 38–91.

[9]      *See id.* ¶ 110.

[10]     *See id.* ¶ 108.

[11]     *See id.* ¶¶ 104–107.

[12]     *See id.* ¶¶ 117–118.

## 2.     Prior Unrelated Complaints

Plaintiff alleges that the Civilian Complaint Review Board ("CCRB") recommended disciplinary action against Mata regarding his alleged verbal and physical abuse of an intoxicated woman attempting to report a theft on August 21, 2008.[13]  Plaintiff alleges that the NYPD never disciplined Mata in response to the CCRB's recommendation.[14]  Plaintiff also alleges that various other NYPD officers have engaged in illegal activity in recent years[15] and that the NYPD assigned Moreno and Mata to the midnight shift in the Ninth Precinct despite knowledge that they would be required to routinely respond to incidents involving intoxicated persons.[16]

Plaintiff asserts that the City of New York is liable under section 1983 for failure to properly train and supervise Mata and Moreno.[17]  Plaintiff also asserts

---

[13]     *See id.* ¶¶ 141–143.

[14]     *See id.* ¶ 144.

[15]     *See id.* ¶ 146 ("[A] police officer in the Ninth Precinct [] has been involved in illegal activity, including breaking into colleagues' lockers at the stationhouse and stealing guns, bulletproof vests, cash and electronic equipment, weapons trafficking and arranging drug buys, while on duty  . . . ."); ¶ 147 ("[S]ixteen NYPD officers have also been involved in a large-scale operation involving the alteration [] of trafficking and parking summonses . . . .").

[16]     *See id.* ¶ 113.

[17]     *See id.* ¶¶ 101–161.

state law claims under a theory of *respondeat superior* and for negligent hiring and/or supervision.[18]  Plaintiff's claims against the City must be dismissed for the following reasons.

## II.   LEGAL STANDARDS

### A.   12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted." In deciding a motion to dismiss, under Rule 12(b)(6) the court "accept[s] all factual allegations in the complaint as true, and draw[s] all reasonable inference in the plaintiff's favor."[19]  For purposes of such a motion, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated in the complaint"[20] as well as "documents that, although not incorporated by reference, are integral to the complaint."[21]

Under the "two-pronged approach" set forth by the Supreme Court in *Ashcroft v. Iqbal*, "[t]hreadbare recitals of the elements of a cause of action,

---

[18]    *See id.* ¶¶ 162–174.

[19]    *Wilson v. Merrill Lynch*, 671 F.3d 120, 128 (2d Cir. 2011) (citation and quotation marks omitted).

[20]    *DiFolco v. MSNBC*, 622 F.3d 104, 111 (2d Cir. 2010).

[21]    *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004).

supported by mere conclusory statements, do not suffice" to withstand a motion to dismiss.[22]  To survive a motion to dismiss, the allegations in the complaint must meet a standard of "plausibility."[23]  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24]  Plausibility "is not akin to a probability requirement;" rather, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."[25]

**B.     Section 1983**

The Supreme Court does not interpret section 1983 to impose unbridled liability on municipalities:  "[t]he language of [section] 1983, read against the background of the  .  .  .  legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."[26]  As subsequently reaffirmed and explained by the Supreme Court, municipalities may

---

[22]     556 U.S. 662, 663–64 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[23]     *Twombly*, 550 U.S. at 564.

[24]     *Iqbal*, 556 U.S. at 663(citations quotation marks omitted).

[25]     *Id.* (citations and quotation marks omitted).

[26]     *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

only be held liable when the municipality itself deprives an individual of a

constitutional right.  A municipality "may not be held liable on a theory of

*respondeat superior*."[27]  Moreover, courts apply "'rigorous standards of culpability

and causation'" to ensure that the municipality is not held liable solely for the

unintended actions of an employee.[28]

---

[27]     *Jeffes v. Barnes*, 208 F.3d 49, 56 (2d Cir. 2000).  *Accord Monell*, 436 U.S. at 691.

[28]     *Jeffes*, 208 F.3d at 61 (quoting *Board of County Comm'rs v. Brown*, 520 U.S. 397, 405 (1997)).  In her objection to the Motion to Dismiss, plaintiff relies on the language in the Second Circuit's decision in *Amnesty Am. v. Town of West Hartford* that suggests that conclusory allegations about a municipality's failure to train its employees may be sufficient to defeat a Rule 12(b)(6) motion to dismiss because "it is unlikely that a plaintiff would have information about the city's training programs or about the cause of the misconduct at the pleading stage."  361 F.3d 113, 130 n.10 (2d Cir. 2004).

     The Court declines to give *Amnesty* the broad reading plaintiff urges.  *First*, *Amnesty* was decided before *Iqbal* and *Twombly*.  The Second Circuit has more recently applied the *Iqbal* plausibility standard to municipal liability claims.  *See, e.g.*, *Simms v. City of New York,* 480 Fed. App'x 627, 630–31 (2d Cir. 2012); *Missel v. County of Monroe*, 351 Fed. App'x 543, 546 (2d Cir. 2009).  District Courts have frequently required plaintiffs to provide more than a simple recitation of their respective theory of liability, even if that theory is based on a failure to train.  *See, e.g.*, *Bouche v. City of Mount Vernon*, No. 11 Civ. 5246, 2012 WL 987592 (S.D.N.Y. Mar. 22, 2012); *Araujo v. City of New York*, No. 08 Civ. 3715, 2010 WL 1049583 (E.D.N.Y. Mar. 19, 2010); *Dingle v. City of New York*, 728 F. Supp. 2d 332, 343–53 (S.D.N.Y. 2010).  *Second*, *Amnesty*'s discussion of pleading standards is dictum given that the Second Circuit reviewed a grant of summary judgment in that case.  *Third*, plaintiff's interpretation would allow plaintiffs to plead only the bare elements of their cause of action.  This reading cannot be squared with *Iqbal* and *Twombly*.  The difficulty of pleading prior to discovery does not relieve plaintiff from the obligation to plead facts sufficient for this Court to reasonably infer that the City's failure to train caused constitutional rights to be

Thus, for a person deprived of a constitutional right to have recourse against a municipality under section 1983, he or she must show harm that resulted from an identified municipal "policy," "custom," or "practice."[29]  Moreover, a policy, custom, or practice cannot arise solely from a single instance of unconstitutional conduct by an employee of the municipality.[30]  The Supreme Court has emphasized that

> [i]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.[31]

In the absence of an established written municipal policy, a plaintiff must prove that a municipal practice was so "'persistent or

---

violated. *See, e.g.*, *Bancroft v. City of Mount Vernon*, 672 F. Supp. 2d 391, 403 (S.D.N.Y. 2009); *Williams v. City of Mount Vernon*, 428 F. Supp. 2d 146, 159 (S.D.N.Y. 2006).

[29]     *Monell*, 436 U.S. at 691.

[30]     *See Oklahoma City v. Tuttle*, 471 U.S. 808, 831 (1985) (Brennan, J., concurring in part and concurring in the judgment) ("[T]o infer the existence of a city policy from the isolated misconduct of a single, low-level officer, and then to hold the city liable on the basis of that policy, would amount to permitting precisely the theory of strict *respondeat superior* liability rejected in *Monell*.").

[31]     *Brown*, 520 U.S. at 404.

widespread' as to constitute 'a custom or usage with the force of law,'"[32] or that a practice or custom of subordinate employees was "so manifest as to imply the constructive acquiescence of senior policy-making officials."[33] When either a "policy" or "custom" has been proven, section 1983 imposes liability because the City in its capacity as a municipality — as opposed to mere employees of the City — caused harm to the plaintiff.[34]

In the context of a claim for municipal liability based on a failure to train, the inference that such a custom or policy existed may be drawn from plaintiff's proffer of circumstantial evidence, such as evidence that the municipality:  (1) so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within the jurisdiction,[35] or (2) had notice of but failed to make any meaningful investigation into charges of misconduct by lower-level employees.[36]  The

---

[32]    *Green v. City of New York*, 465 F.3d 65, 80 (2d Cir. 2006).

[33]    *Id.* (quoting *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 871 (2d Cir. 1992)).

[34]    *See, e.g.*, *Brown*, 520 U.S. at 417.

[35]    *See, e.g.*, *City of Canton v. Harris*, 489 U.S. 378, 387–92 (1989).

[36]    *See, e.g.*, *Fiacco v. City of Rensselaer*, 783 F.2d 319, 327–28 (2d Cir 1986).

Supreme Court of the United States recently noted "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."[37]

The Second Circuit has set forth three requirements "for showing that a lack of training or supervision manifests deliberate indifference."[38] *First*, "the plaintiff must . . . allege that 'a policy-maker knows to a moral certainty that her employees will confront a given situation.'"[39] *Second*, the situation must "either present[ ] the employee with a difficult choice of the sort that training or supervision will make less difficult or there is a history of employees mishandling the situation."[40] *Third*, mishandling of the situation must "frequently cause the deprivation of a citizen's constitutional rights."[41]

### C.    Negligent Hiring and/or Retention

Under New York law, an employer may be found liable for the conduct of its employee under theories of negligent hiring, retention, or

---

[37]    *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011).

[38]    *Green*, 465 F.3d at 80 (citing *Walker v. City of New York*, 974 F.2d 293, 297–98 (2d Cir. 1992)).

[39]    *Id*. at 80–81 (quoting *Walker*, 974 F.2d at 297).

[40]    *Id*.

[41]    *Id*.

supervision.[42]  "To state a claim for negligent supervision or retention under New York law, in addition to the standard elements of negligence, a plaintiff must show: (1) that the tort-feasor and the defendant were in an employee-employer relationship; (2) that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and (3) that the tort was committed on the employer's premises or with the employer's chattels."[43]

### D.   *Respondeat Superior*

In the absence of any negligent behavior an employer may be held liable under state law for acts of an employee pursuant to the doctrine of *respondeat superior* if the employee was acting within the scope of his employment.[44]  An employee's actions are not within the scope of

---

[42]    *See Hall v. Smathers*, 240 N.Y. 486 (1928).

[43]    *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004).  *Accord Thomas v. New York City Health & Hosps. Corp.*, No. 00 Civ. 6760, 2001 WL 1218398, at *5 (S.D.N.Y. Oct. 9, 2001) ("In his complaint  .  .  .  [plaintiff] fails to suggest that St. Barnabas had actual or constructive knowledge of Reid's propensity to perform the alleged misconduct.")*; Sandra M. v. St. Luke's Roosevelt Hosp. Ctr.*, 823 N.Y.S.2d 463, 465 (2d Dep't 2006); *Gomez v. City of New York*, 758 N.Y.S.2d 298, 298 (1st Dep't 2003) (dismissing a motion for summary judgment for failure to show the employer had knowledge of prior misconduct of "the type of conduct alleged"); *Kenneth R. v. Roman Catholic Diocese of Brooklyn*, 654 N.Y.S.2d 791 (2d Dep't 1997).

[44]    *See Cornell v. State of New York*, 46 N.Y.2d 1032 (1978).

employment unless "the purpose in performing such action is to further the employer's interest."[45]  Thus, actions "taken for purely personal reasons, and not in furtherance of any duty owed to the city" do not give rise to *respondeat superior* liability.[46]  As a matter of law sexual misconduct cannot give rise to vicarious liability.[47]

## III.   DISCUSSION

### A.   Section 1983

Plaintiff alleges that "the City's . . . gross indifference to its duty to properly train, supervise, investigate, and adopt proper policies, procedures or standards . . . result[ed] in the deprivation of rights secured to Plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution and by virtue of 42 U.S.C. § 1983."[48]  However, plaintiff has

---

[45]   *Mahmood v. City of New York*, No. 01 Civ. 5899, 2003 WL 21047728, at *3 (S.D.N.Y. May 8, 2003).

[46]   *Stavitz v. City of New York*, 471  N.Y.S.2d 272, 274 (1st Dep't 1984).

[47]   *See N.X. v. Cabrini Med. Ctr.*, 97 N.Y.2d 247 (2002); *Dia CC. v. Ithaca City Sch. Dist.*, 758 N.Y.S.2d 197 (3d Dep't 2003); *Koren v. Weihs*, 593 N.Y.S.2d 222 (1st Dep't 1993).

[48]   SAC ¶ 159.  Section 1983 does not confer any substantive rights but merely provides "a method for vindicating federal rights elsewhere conferred."  *Baker v. McCollan*, 443 U.S. 137. 144 n.3 (1979).  Rape by a police officer is properly viewed as asserting a violation of the substantive due process right to bodily integrity under the Fourteenth Amendment.  *See Haberthur v. City of Raymore*, 119 F.3d 720, 723-724 (8th Cir. 1997); *Jones*

failed to sufficiently allege that the City acted with "deliberate indifference."

       Plaintiff has not plausibly alleged that either Moreno's decision to rape her or Mata's decision to aid and abet that rape was a "difficult choice of the sort that training or supervision will make less difficult."[49]  It goes without saying that a police officer is prohibited from sexually assaulting an intoxicated woman when responding to a 911 call.  Plaintiff has not alleged that Moreno's and Mata's sexual assault was part of a pattern or practice "so manifest as to imply the constructive acquiescence of senior policy-making officials."[50]

       A municipality may still be held deliberately indifferent, even if its employees were not confronted with a difficult choice if "there is a history of employees mishandling the situation."[51]  Plaintiff has not plausibly claimed such a history here.  Rather, plaintiff alleges that the City ignored a

---

*v. Wellham*, 104 F.3d 620, 628 (4th Cir. 1997).

[49]    *Walker*, 974 F.2d at 298.

[50]    *Green,* 465 F.3d at 80.  *Accord Castilla v. City of New York*, No. 09 Civ. 5446, 2012 WL 3871517, at *4 (S.D.N.Y. Aug. 22, 2011) (holding pleadings alleging a "widespread custom of at least tolerating male police officers' sexual misconduct" sufficient to establish *Monell* liability).

[51]    *Walker*, 974 F.2d at 298.

single meritorious CCRB. complaint against Mata regarding his prior

physical and verbal abuse of an intoxicated woman attempting to report a

theft.[52]  "A pattern of similar constitutional violations by untrained

employees is ordinarily necessary to demonstrate deliberate indifference for

purposes of failure to train."[53]  But plaintiff has not alleged that the City was

on notice of a single other instance of rape or sexual assault perpetrated by a

police officer.[54]  Nor has plaintiff plausibly alleged that the City was on

notice that any past examples of police misconduct were caused by

inadequate training or supervision.[55]  Finally, plaintiff has failed to allege

---

[52]     *See* SAC ¶¶ 141–145. Further, plaintiff alleges that various police officers in the Ninth precinct and the rest of the City had been convicted of various crimes in the past. *Id.* ¶¶ 146-149.  *Simms*, 480 Fed. App'x at 630-31 (dismissing a complaint as insufficient that alleged (i) the City set "productivity goals" that encouraged misconduct; (ii) the City had been held liable for failure to train other officers; (iii) subsequent false arrests and malicious prosecution).

[53]     *Connick*, 131 S.Ct. at 1360 (quotations and citations omitted); *id.* ("Because those incidents are not similar to the violation at issue here, they could not have put Defendant on notice that specific training was necessary to avoid this constitutional violation.").

[54]     *See Sorlucco*, 971 F.2d at 870 ("A municipal agency may not be held liable under § 1983 simply for the isolated unconstitutional acts of its employees.").

[55]     *See id.* ("Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.").

that NYPD officers' misconduct in mishandling interactions with intoxicated

women would frequently result in the denial of their constitutional rights.

Accordingly, the City cannot be held liable under section 1983.

### B.    Negligent Hiring, Retention, or Supervision

Plaintiff alleges that "the City's reckless disregard or gross

indifference to its duty to properly train or supervise  .  .  .  would result in

the deprivation of the rights of persons with whom the Individual

Defendants came into contact."[56]  However, plaintiff does not sufficiently

plead that the City "knew or should have known of the employee's

propensity for the conduct which caused the injury prior to the injury's

occurrence."[57]

Plaintiff has not plausibly alleged that the City knew or should

have known of Moreno's propensity for raping or sexually assaulting

women or Mata's propensity for aiding the same.  Plaintiff alleges that the

City should have known of Moreno's propensity to rape and sexually assault

women because he regularly failed to apprise his precinct of his location.[58]

Plaintiff alleges that the City should have known of Mata's propensity to aid

---

[56]      SAC ¶ 164.

[57]      *Ehrens*, 385 F.3d at 235.

[58]      *See* SAC ¶ 128.

and abet sexual assault because of a single CCRB complaint alleging verbal and physical abuse of an intoxicated woman attempting to report a crime.[59] But that complaint did not allege rape or sexual assault, nor did it indicate that the victim's sex was relevant to Mata's misconduct.[60]  As such, it did not put the city on notice of Mata's criminal propensity.

In sum, there is no basis on which to impute the City's knowledge of the individual defendants' criminal propensities.  Therefore, the City cannot be held liable under a negligent hiring/supervision theory.

---

[59]     *See id.* ¶¶ 141–145.

[60]     Plaintiff relies on several cases where courts found allegations sufficient to survive a motion to dismiss.  But in each of those cases, the plaintiff alleged that the City had knowledge of prior employee misconduct of the same type as that alleged.  *See, e.g.*, *Sharp v. Town of Greece*, No. 09 Civ. 6452, 2010 WL 1816639 (W.D.N.Y. May 3, 2010) (holding facts showing the police department shredded records related to the police officer's past recklessness sufficient to show employer's prior knowledge of the officer's propensity for recklessness)*; Lee v. Overseas Shipholding Grp.*, No. 00 Civ. 9682, 2001 WL 849747 (S.D.N.Y. Jul. 30, 2001) (dismissed on other grounds) (holding prior allegations of discriminatory treatment and indifference to complaints sufficient to demonstrate employer's knowledge of employee's propensity for discrimination and indifference to complaints); *Krystal G. v. Roman Catholic Diocese of Brooklyn*, 933 N.Y.S.2d 515 (Sup. Ct. Kings Co. 2011) (holding that school's prior attempts to ban an employee from the playground because of his excessive physical contact with students sufficed to demonstrate employer's knowledge of its employee's propensity for sexual assault of children); *Vione v. Tewell*, 820 N.Y.S.2d 682 (Sup. Ct. N.Y. Co. 2006) (holding that the plaintiff's complaint of his marriage counselor having an affair with his wife and other similar complaints sufficed to demonstrate employer's knowledge of its employee's propensity to disregard his fiduciary duties by having inappropriate contracts with his client and their families).

C.      *Respondeat Superior*

Plaintiff alleges that "[t]he Defendants' actions in connection with the Incident were committed in an official capacity and within the scope of their employment with the City."[61]  However, plaintiff fails to state a claim because she does not plausibly allege that Moreno and Mata's rape, sexual assault, and aiding and abetting were within the scope of their employment as police officers.[62]

"Sexual misconduct and related tortious behavior arise from personal motives and do not further an employer's business, even when committed within the employment context."[63]  Rape and sexual assault are

---

[61]      SAC ¶ 170.

[62]      Plaintiff asserts that "while rape and related torts [] may not, as a general matter, constitute an action taken within the scope of the Individual Defendants' employment, trespass and false imprisonment, both of which resulted from the Individual defendant's claimed desire to help plaintiff, is the general type of conduct that should have been reasonably expected to occur when a police officer responds to a 911 call, no matter how irregular, or with disregard of NYPD rules." Plaintiff's Memorandum of Law in Opposition to the City of New York's Motion to Dismiss the Second Amended Complaint at 20.  However, plaintiff does not allege that defendants trespassed and falsely imprisoned her in furtherance of their responsibilities as police officers.  Rather, plaintiff alleges that the individual defendants "unlawfully gained access and trespassed into plaintiff's Apartment . . . *for the purpose of* raping and sexually assaulting plaintiff."  SAC  ¶¶ 34-35 (emphasis added).

[63]      *Adorno v. Correctional Servs. Corp.*, 312 F. Supp. 2d 505, 517 (S.D.N.Y. 2004) (citations omitted).

not within the scope of a police officer's employment.[64]  Moreno and Mata's misconduct was motivated by selfish interests and not a desire to do their "master's work."[65]  Thus, liability cannot be imposed under *respondeat superior*.

## IV.    CONCLUSION

For the reasons set forth above, the motion to dismiss Claims Eight, Nine, and Ten of the Second Amended Complaint is granted. The Clerk of the Court is directed to close this motion (Docket No. 62).  A conference in this matter is scheduled for March 15, 2013 at 2:30 PM.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:       New York, New York
            March 4, 2013

---

[64]    Moreno and Mata were convicted of official misconduct because of the incident alleged in the Complaint. *See* SAC ¶ 105.  Official misconduct is defined as an *unauthorized* exercise of one's official functions.  N.Y. Penal Law § 195.00.

[65]    *Riviello v. Waldron*, 47 N.Y.2d 297, 299 (2000).

-18-

**- Appearances -**

**For Plaintiff:**

Daniel E. Katz, Esq.
Yasmin R. Saeed, Esq.
Rich, Intelisano & Katz, LLP
915 Broadway, Suite 900
New York, New York 10010
(212) 684-0300

**For Defendants:**

Max McCann
Assistant Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007
(212) 788-0861